1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HODGES, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SPECIALTY HEALTH INCORPORATED and AMERICAN SPECIALTY HEALTH FITNESS, INC.<br><br>Defendants. | CASE NO. 20cv1158-LAB-AHG<br><br>**ORDER:**<br><br>**1) GRANTING DEFENDANTS' EX PARTE MOTION FOR LEAVE TO FILE REPLY [Dkt. 37];**<br>**2) DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE; and**<br>**3) DENYING MOTION TO DISMISS AS MOOT [Dkt. 25]** |

Plaintiff Walter Hodges brought this action and behalf of himself and two putative classes against Defendants American Specialty Health Inc. and American Specialty Health Fitness, Inc. Hodges' First Amended Complaint ("FAC") alleges that Defendants act as a middleman between their customers and fitness clubs, charging a monthly fee in exchange for basic membership access to fitness clubs that are part of Defendants' network but owned and operated by third parties. Hodges alleges that Defendants continued to charge membership fees while "stay at home" orders or voluntary closures related to

the COVID-19 pandemic prevented members from accessing the fitness clubs. Based on these allegations, Hodges seeks to represent two putative classes of Defendants' customers who were allegedly charged membership fees while under government orders directing them not to use fitness clubs.

But Hodges doesn't plausibly allege facts under which his proposed national and Texas classes are sufficiently homogeneous. Different states in the nation, and different counties in Texas, permitted different levels of gym access, so it's not plausible (without more facts than the FAC alleges) that every member of either class had no access to Defendants' gym network. Because Hodges hasn't persuaded the Court that the FAC plausibly alleges facts under which "there are questions of law or fact common to the class," the FAC is **DISMISSED WITHOUT PREJUDICE**. Defendants' Ex Parte Motion for Leave to File a Reply to Plaintiff's Response to the Order to Show Cause and Opposition to Request for Judicial Notice is **GRANTED**. (Dkt. 37). The motion to dismiss the FAC under Fed. R. 12(b)(6) is **DENIED AS MOOT**. (Dkt. 25).

## BACKGROUND

Hodges is a resident of Bexar County, Texas. (Dkt. 22 ¶ 13.) In or before 2019, he agreed to pay Defendants a monthly fee in exchange for access to their nationwide network of over 9,000 fitness centers. (*Id.* ¶¶ 1, 13). But in March 2020, the COVID-19 pandemic hit, leading many state and local governments to issue orders restricting gym access. (*See id.* ¶ 13.) Some required that some or all gyms in their jurisdiction close; some recommended that they close; some reduced their permissible capacity; and some directed residents to remain at home except for essential activities, a category that typically didn't include going to the gym. (*See* Dkt. 36-5.) In Bexar County, the local government ordered residents to stay at home and fitness centers to close. (Dkt. 22 ¶ 13, 41.)  Hodges couldn't access a gym in Bexar County, nor could he leave Bexar County to go to a gym without violating the order. (*See*

*id.* ¶ 41); Bexar County, Texas, Executive Order NW-03, March 23, 2020 (available at https://www.bexar.org/DocumentCenter/View/26253). But Defendants continued charging Hodges a monthly membership fee. (Dkt. 22 ¶¶ 44–45.) Hodges brought this action, asserting ten claims. Central to these claims are the allegations that Defendants breached: 1) a duty to stop charging Hodges while he didn't have access to gyms in Defendants' network; and 2) a duty to inform Hodges that they had a policy of continuing to charge customers when all gyms in the network were closed.

Hodges seeks to bring these claims on behalf of two classes, relying on the class form to invoke the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). The putative classes are defined as:

1) The "National Class": "All individuals in the United States who were charged a membership fee by Defendants at any time when they were under a 'stay at home,' 'shelter in place' or similar order due to the COVID-19 pandemic and not provided [a] refund. Excluded from this Class are Defendants' officers and directors." (Dkt. 22 ¶ 134.)

2) The "Texas Class": "All residents of Texas who were charged a membership fee by Defendants at any time when they were under a 'stay at home,' 'shelter in place' or similar order due to the COVID-19 pandemic and not provided [a] refund. Excluded from this Class are Defendants' officers and directors." (*Id.*)

The Court ordered Hodges to show cause why his complaint shouldn't be dismissed for lack of jurisdiction. (Dkt. 35, the "OSC".) In its OSC, the Court directed Hodges to confirm that his proposed nationwide classes presented "questions of law or fact common to the class" as required by Fed. R. Civ. P. 23(b). (Dkt. 35.)

The OSC reasoned that the core question in this case is whether Defendants had and breached a duty to stop recurring charges, without being

asked, for any customer under a "stay at home" order or similar order, on the ground that such customers "did not have access to any fitness center" while such orders were in place. (*See* Dkt. 22 ¶ 13.) As the Court pointed out, those orders "were far from uniform and included plenty of exceptions, so some would cut off gym access and some wouldn't." (Dkt. 35 at 3.) The resulting dissimilarities in level of gym access would "impede the generation of common answers," making the alleged classes nonviable. *Wal-Mart Stores*, 564 U.S. at 350.

## DISCUSSION

A plaintiff asking a federal court to hear a case "must plausibly allege all jurisdictional elements." *Brownback v. King*, 141 S. Ct. 740, 749 (2014). Here, jurisdiction depends on the application of the Class Action Fairness Act, which permits the Court to preside over certain class actions, so Hodges must plausibly allege facts, which, accepted as true, would establish that the proposed classes satisfy the requirements of Fed. R. Civ. P. 23.

To establish the commonality required to maintain a class, a plaintiff must identify common questions that are likely to "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "Any competently crafted class complaint literally raises common questions." *Id.* at 349 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131–32 (2009)). Satisfying the commonality element requires more: a plaintiff must "demonstrate that the class members have suffered the same injury." *Id.* at 349–50 (cleaned up). "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* at 350, quoting Nagareda,

*supra*, at 132.

As a result, a putative class fails to satisfy the commonality requirement where some of its members are uninjured, either because they were unaffected or because Defendants didn't breach a duty to them. *See In re Rail Freight Surcharge Antitrust Litig.*, 934 F.3d 619, 623–24 (D.C. Cir. 2019) (where alleged antitrust conduct led 12.7% of class members to suffer "negative overcharges," putative class lacked common injury); *Fjeld v. Penske Logistics, LLC*, Case No. CV 12-3500-GHK (JCGx), 2013 WL 8360535 at *5 (C.D. Cal. Aug. 9, 2013) (whether class members were provided meal and rest breaks owed only to employees didn't fulfill commonality requirement absent common answers as to misclassification of class members as independent contractors); *Wong v. AT&T Mobility Svcs. LLC*, Case No. CV 10-8869-GW(FMQx) at *5–6 (C.D. Cal. Oct. 20, 2011) (same).

Hodges, then, must allege facts plausibly supporting the inference that all members of his proposed classes suffered the same injury. He identifies six common questions purportedly raised by his pleading: 1) whether all gyms in Defendants' network were closed from April 3, 2020 to April 23, 2020; 2) whether Defendants charged the full fee to putative class members from April 3, 2020 to April 23, 2020; 3) whether it is a breach of Defendants' agreement to charge putative class members when all gyms in Defendants' network are closed; 4) whether Defendants had a policy of charging membership fees even if all gyms in their network were closed; 5) whether Defendants failed to inform class members that they would be charged even when the gyms in their network were closed; and 6) whether Defendants' representations were likely to deceive the average consumer.[1] But the FAC's factual allegations don't

---

[1] The FAC *doesn't* raise any question specific to the period from April 3, 2020 to April 23, 2020—if Hodges intends to narrow the class period shore up his jurisdictional allegations, he must do so by filing an amended pleading.

raise any of these questions: it doesn't plausibly allege that all gyms in the Defendants' network were closed, and each of the other five questions proceeds on the assumption that that unalleged fact is true. And without sufficient allegations that all in-network gyms were closed, the class members aren't alleged to have suffered a common injury.

Hodges bases the allegation that all gyms in the Defendants' network were closed on a patchwork of state and local "stay at home" orders. But statewide orders in at least five states, including Texas, didn't apply to all fitness centers or were non-mandatory. (*See* Dkt. 36-5 at 13, 237, 271, 309, 315).[2] And although many fitness centers closed during the pandemic without being ordered to, Hodges doesn't offer any allegation supporting the inference that the voluntary and mandatory closures together shuttered all gyms in Defendants' network in Texas or the United States.

This dissimilarity—that some members of the class lost access to Defendants' network, but there's no plausible allegation that *all* of them did—robs the putative class-wide proceeding of any capacity to "generate common answers apt to drive the resolution of the litigation." Hodges alleges nothing to suggest that Defendants owed any duty to stop charging customers who still had access to fitness centers. The FAC fails to plausibly allege that these customers suffered the same injury as customers who were under more stringent restrictions, so it doesn't satisfy the jurisdictional pleading requirement for its claims based on Defendants' alleged failure to stop

---

[2] The Court grants Hodges' unopposed request to take judicial notice of the state "stay at home" orders compiled in Exhibit B to his response to the Order to Show Cause. The other documents that Hodges asks the Court to take judicial notice of aren't relevant to the Court's conclusion or are duplicative of allegations that the Court accepts as true at this stage, so judicial notice isn't necessary. (*See, e.g.,* Dkt. 22 ¶¶ 29–32 (alleging that various fitness center chains voluntarily closed their locations).)

charging class members during the pandemic.

The remaining three questions that Hodges offers relate to alleged misrepresentations or omissions regarding Defendants' alleged policy of continuing to charge customers when all gyms in their network were closed. But again, each of these questions proceeds from a factual premise that the FAC doesn't plausibly allege. And because a class member who enjoyed continuous access to in-network gyms wouldn't have suffered any injury from the alleged misrepresentation, the class didn't suffer a common injury in connection with Hodges' misrepresentation theories, either.

## CONCLUSION

The FAC's broad and amorphous proposed classes can't be sustained on the factual allegations and judicially noticeable facts before the Court. Defendants allegedly owed each class member a duty to stop monthly charges for gym access, a duty allegedly triggered by class members' lack of such access. Class members were also allegedly harmed by a policy of continuing to charge them when they didn't have any gym access. But the FAC doesn't provide factual allegations sufficient to support the conclusion that all class members lost gym access, so it doesn't allege that they suffered a common injury. Without tailoring his class definition to fit the facts alleged, Hodges doesn't allege a plausible class to support CAFA jurisdiction. And because "stay at home" orders in different states and within Texas subjected the 9,000 gyms in Defendants' network to widely varying restrictions, the Court finds that the request for jurisdictional discovery is "based on little more than a hunch" that it would yield facts sufficient to plausibly support the present class definitions. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). That request is **DENIED**. The FAC is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Hodges may file an amended complaint / / /

correcting the deficiencies identified by this order on or before **October 28, 2021**.

**IT IS SO ORDERED**.

Dated: September 30, 2021

**HON. LARRY ALAN BURNS**
United States District Judge